UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROCKY JOSEPH GENDRON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1284 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Rocky Joseph Gendron brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Gendron was sentenced to 120 months in prison, followed by a 5-year term of supervised release, after he pled guilty to conspiracy to possess with intent to distribute more than 50 grams of cocaine base. Criminal Case No. 4:09CR735 CDP. Gendron appealed, and the Eighth Circuit Court of Appeals affirmed. *United States v. Gendron*, Case No. 10-3662 (8th Cir. Apr. 19, 2011).

As grounds for his § 2255 motion, Gendron alleges that his counsel was ineffective at his sentencing hearing for two reasons: (1) he failed to call a witness to testify on the nature of the cocaine at issue, and (2) he failed to raise a *Daubert* challenge to the testimony of the government's expert witness, a chemist from the

Drug Enforcement Administration.

Gendron has filed several additional motions. He sought discovery[1] and then moved to compel the government to respond to his discovery requests. He also moved to file a supplemental pleading based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). I will deny these motions for the reasons stated below. Because the record affirmatively refutes Gendron's ineffective assistance of counsel claims, I will deny his § 2255 motion without a hearing.

**I.     Background**

On November 19, 2009, Gendron was charged with one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack cocaine) under 21 U.S.C. §§ 841(a)(1) and 846 (Count I); one count of forging Federal Reserve Notes under 18 U.S.C. § 471 (Count II); and one count of possession of forged Federal Reserve Notes under 18 U.S.C. § 472 (Count III). Most of the facts surrounding the charges are not at issue in this case.

In September 2010, Gendron pled guilty to Count I, and the government dismissed the other two counts. During the plea colloquy, Gendron maintained that the substance he conspired to possess with intent to distribute was a "non-crack form

---

1 Through no fault of his own, Gendron's motion for discovery was returned to Gendron from the court clerk and not filed. I will treat the motion for discovery as though it were filed and address the merits of the issues he addresses.

of cocaine base." (*See* Case No. 4:09CR735 CDP, Doc. 80, Transcript, 3:10-12, 6:21-23.) At the plea hearing, I questioned Gendron at length, and he indicated that he was satisfied with his counsel and understood the 120-month mandatory minimum sentence that applied to the charge. I accepted Gendron's guilty plea because there was a sufficient factual basis to support it, but I expressed concern about the legal difference between cocaine base and crack cocaine. Therefore, I ordered Gendron and the government to brief the issue of whether there was a difference, under the applicable statutes and the Sentencing Guidelines, between cocaine base and crack cocaine.[2]

The parties briefed the issue, noting that Title 21 of the United States Code did not define "cocaine base" but that, in a note in the United States Sentencing Guidelines Manual, the Sentencing Commission defined cocaine base, "for purposes of this guideline," as "crack." It went on, "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1, Note (D) to Drug Quantity Table. Although there

---

[2] I also ordered the parties to brief whether conviction under the applicable statutes required Gendron to know that the substance involved in the offense was cocaine base, as opposed to another form of cocaine. Although Gendron believed that the substance was powder cocaine, not cocaine base, he agreed that testing showed it to be cocaine base, and the parties later agreed that his knowledge as to its exact nature was not required. *See United States v. Sheppard*, 219 F.3d 766, 769 (8th Cir. 2000).

was a significant circuit split at that time as to whether possession of non-crack forms of cocaine base would support the same sentence under § 841, the Supreme Court has since decided the issue. In *DePierre v. United States*, 131 S. Ct. 2225 (2011), the Court held that, for the purpose of applying the ten-year mandatory minimum sentence under § 841, "cocaine base" was not limited to crack cocaine.

Because the Court had not yet decided *DePierre*, Gendron objected to the Presentence Investigation Report on the same basis. I heard arguments from both parties at Gendron's sentencing hearing on November 23, 2010. I also heard testimony, presented by the government, from DEA chemist Charlotte Corbett regarding analysis of the substance in question. Corbett stated – among other things – that on the basis of tests generally accepted by the scientific community, including an infrared spectroscopy test, the substance was conclusively cocaine base. Corbett testified that sodium bicarbonate was present in the substance and that it had a "clumpy" appearance with "rock-sized formations." She testified that if sodium bicarbonate were present in cocaine powder, it would interfere with inhaling or injecting the cocaine. Corbett testified that there was "no chemical test that would tell [her] if something is crack," which she explained was not a "chemical term," but "more of a street term."

Again, because there was no mandatory authority on the statutory difference

between cocaine base and crack cocaine at that time, Gendron's counsel argued that the government had provided no witness that could testify that the substance was crack cocaine. He argued that an additional expert should be called in to testify as to whether the substance should be considered crack, that he had researched and located such experts, and requested that the Court allow an additional expert to testify. The government responded that no witness could definitively say whether it was crack because crack cocaine has an "amorphous definition" and that additional testimony would not be useful.

I agreed with the government. I found that an additional witness would do no good because there was no chemical distinction between cocaine base and crack cocaine. I found that because the substance was lumpy, in addition to its other characteristics, it met the Sentencing Guidelines definition of crack cocaine. However, I also ruled that the Guidelines definition limiting cocaine base to crack did not apply to the statute and that, therefore, Gendron would have been subject to the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii), even if I had found that the substance were a non-crack form of cocaine base. After hearing a statement from his counsel, I sentenced Gendron to the 120-month mandatory minimum.

Gendron appealed. The Court of Appeals enforced the plea agreement,

finding that Gendron entered into the plea agreement and appeal waiver knowingly and voluntarily, and that there were no non-frivolous issues that could have been raised on Gendron's behalf.

On July 13, 2012, Gendron filed a 28 U.S.C. § 2255 motion seeking to vacate, set aside, or correct his sentence, claiming ineffective assistance of counsel.

## II. Grounds for Relief

In his § 2255 motion, Gendron asserts that his counsel was ineffective for two reasons. He alleges:

1. His counsel should have called a witness at the sentencing hearing to determine the true nature of the substance at issue; and

2. His counsel should have raised a *Daubert* challenge to the testimony by DEA chemist Charlotte Corbett.

## III. Discussion

I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks omitted). Here, as discussed in more detail

below, I find that Gendron's claims are either inadequate or affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Gendron must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Gendron must show that his counsel's deficient performance prejudiced the defense. *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

I must evaluate Gendron's claims keeping in mind that he pled guilty in the underlying criminal case. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir.1997). To the extent that Gendron's claims involve his counsel's performance regarding sentencing, he must show there is a reasonable probability that counsel's actions or inactions resulted in a sentence higher than he otherwise would have received. *See Glover v. United States,* 531 U.S. 198, 203 (2001).

In this case, Gendron argues that his counsel was ineffective at the sentencing hearing for two reasons: (1) he failed to call a witness to testify on the nature of the cocaine, and (2) he failed to raise a *Daubert* challenge to the DEA chemist's testimony.

### *Failure to call expert witness*

First, Gendron's counsel *did* request funds and an opportunity to call a witness to identify the substance at issue as a non-crack form of cocaine base. (*See* Tr. of Sentencing Hr'g, Doc. 84, Case No. 4:09CR735, 31:19–32:10.) I denied that request. (*Id.*, 32:25–35:7.) Counsel's performance cannot be called deficient

when he performed the very action Gendron complains was lacking.³ *See Quinn v. United States*, No. 1:06CV62 ERW, 2007 WL 3171450, at *7 (E.D. Mo. Oct. 26, 2007) (court will not consider claim based on failure to raise issue of government misconduct where counsel actually did so). More importantly, although Gendron contends that the substance at issue was not crack, he agrees that it was cocaine base. Although I found that the substance met the Sentencing Guidelines definition of crack, I also found that – even if it were not crack – the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) would apply. Calling a witness to testify that the substance was a non-crack form of cocaine base would not have made any difference to the sentence imposed. *See Glover*, 531 U.S. at 203. No matter what the testimony of that witness, I would still have imposed the ten-year mandatory minimum sentence because the § 841 definition of "cocaine base" includes non-crack forms of cocaine base, which Gendron agrees he possessed. The propriety of this ruling has since been borne out by the Supreme Court. *See DePierre*, 131 S. Ct. at 2236–37. Therefore, counsel's failure to call such a witness did not cause Gendron any prejudice. *See Johnson v. Norris*, 207 F.3d 515, 520 (8th Cir. 2000) (where counsel's argument would not have made a difference because it could not have succeeded, petitioner failed to show prejudice to support

---

³ Gendron argues that his counsel should have made this request earlier. He did, in fact, do so. (*See* Resp. to Court, Doc. 64, p. 5.)

– 9 –

ineffective-assistance-of-counsel claim); *see also Strickland*, 466 U.S. at 694 ("defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

### *Failure to raise* **Daubert** *challenge*

Gendron states in his habeas petition that he "does not dispute the fact that the expert testimony provided by the DEA chemist was reliable," but he challenges whether it was relevant. Again, Gendron does not dispute that the substance at issue was cocaine base; he argues only that it was not crack. Gendron contends that since the DEA chemist could not make a factual determination that the substance was crack, her specialized knowledge could not assist a trier of fact in determining the nature of the substance. Therefore, he argues, the chemist's testimony failed to meet the requirement that "all scientific testimony or evidence admitted" be relevant. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

First, the chemist's testimony did assist me – the trier of fact at sentencing – in determining that the substance was crack. The chemist testified that there was no chemical distinction between cocaine base and crack cocaine; that there was sodium bicarbonate present; and that the substance was lumpy. Based on this testimony, I made a factual determination that the substance was both crack cocaine and cocaine base. A *Daubert* challenge based on relevance would have been meritless.

– 10 –

Gendron's counsel was not required to engage in meritless arguments. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Further, as set out in greater detail above, I also determined that it was the identification of the substance as cocaine base, not crack, which required the ten-year mandatory minimum sentence. Gendron does not dispute that the substance was cocaine base. Therefore, even if his counsel should properly have made a *Daubert* challenge, and that challenge had succeeded, it would not have resulted in a lower sentence. *See Glover*, 531 U.S. at 203.

## IV. Gendron's Additional Motions

Gendron moved for discovery on August 27, 2012. Through no fault of his own, the motion was returned to him without being docketed. Gendron subsequently filed a motion to compel on December 11, 2012, relating to the same discovery.

Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that a court may, for good cause shown, permit discovery. In his motion to compel, Gendron seeks documents related to the DEA chemist's analysis of the cocaine at issue here. Because Gendron does not dispute that the substance was cocaine base, and its identification as such by the DEA chemist provided sufficient basis for the imposition of the ten-year mandatory minimum sentence, the discovery he seeks

would be futile. Since Gendron has not shown good cause for the discovery he seeks, I will deny his motion to compel. *See Smith v. United States*, 618 F.2d 507, 509 (8th Cir. 1980) (district court may deny petitioner's request for discovery in the absence of a showing of good cause).

Gendron has also moved to file a supplemental pleading based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 2155. At the sentencing hearing, I found by a preponderance of the evidence that the substance Gendron possessed was crack. This finding, Gendron argues, exposed him to a higher mandatory minimum than a finding that the substance was a non-crack form of cocaine base, and therefore violated *Alleyne*. He seeks an evidentiary hearing "to determine whether or not the government met its burden of proving the drug type in this case."

The Court resolved *Alleyne* on direct review, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. *Alleyne* enunciates a rule of constitutional law. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the

new rule constitutes a 'clear break' with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Generally, however, constitutional rules are not applied to cases, such as this one, being considered on collateral review. *Teague v. Lane*, 489 U.S. 288, 303 (1989). "Unless they fall within an exception to the general rule, new rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310.

"Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new 'watershed' rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green*, 144 F.3d 384, 386 (6th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 396 (1994)). I find that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, and so decline to apply *Alleyne* in this § 2255 proceeding.

Even if *Alleyne* could be found to be retroactive, it does not apply to Gendron. When Gendron pleaded guilty, he specifically agreed to waive his right to file § 2255 motions seeking collateral relief except in the event of prosecutorial

– 13 –

misconduct or ineffective assistance of counsel. (*See* Plea Agreement, Doc. 55, p. 4.) Gendron's proposed supplemental claim is foreclosed by his waiver, and the waiver is enforceable. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Gendron attempts to frame his *Alleyne* claim as an ineffective-assistance-of-counsel claim, but *Alleyne* had not been decided, so his counsel's failure to bring it up cannot be found to be deficient.

Further, Gendron pled guilty to conspiracy to possess with intent to distribute more than 50 grams of cocaine base. Gendron has already admitted that the substance is cocaine base, and he has already admitted the quantity be possessed, so there was no contested, sentence-enhancing fact requiring proof beyond a reasonable doubt. For these reasons, I will deny Gendron's motion for leave to file a supplemental pleading.

## V. **Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a Certificate of Appealability. To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists,

a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on either of Gendron's claims, so I will deny a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that:

Petitioner's motion to compel [#5] and petitioner's motion for leave to file a supplemental pleading [#6] are denied.

The Court will not issue a certificate of appealability, as Gendron has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July, 2014.